# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BOYD S. REICHENBACH, III
REG. #25004-009                                                                                      PETITIONER

VS.                                        4:08CV004186 SWW/JTR

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

>   2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.
>
>   3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A 149
>   Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #8.) Thus, the issues are joined and ready for disposition.

On January 31, 2008, Petitioner entered a guilty plea to one count of wire fraud in *United States v. Reichenbach*; E.D. Ark. No. 4:08CR00036-1 SWW. On June 25, 2008, United States District Judge Susan Webber Wright sentenced Petitioner to 18 months of imprisonment in the Bureau of Prisons ("BOP"). *Id.* at docket entry #9. Petitioner self-reported to the BOP on October 14, 2008, and is currently serving his sentence at FCI Forrest City. Petitioner's projected release date is January 30, 2010.

On December 1, 2008, Petitioner filed this federal habeas action. (Docket entry #1.) The habeas Petition alleges that: (1) on an unspecified day in November of 2008, Petitioner submitted

an Informal Resolution Attempt Form requesting that he be immediately assessed for "early"placement in a Residential Reentry Center ("RRC");[1] and (2) the BOP did not respond to his request for an RRC assessment. According to Petitioner, his former employer, Freight Systems, Inc., has suffered extreme financial hardship as a direct result of his imprisonment.[2] Petitioner believes this constitutes "extraordinary circumstances" sufficient to warrant his immediate placement in a RRC for 12 months, the maximum statutory period. (Docket entry #1 at 13-14.)

Respondent has provided documentation which establishes that, on November 4, 2008, Petitioner was evaluated and recommended for 150-180 days of RRC placement. (Docket entry #7, Ex. B to Crook Aff.) Respondent argues in his Response that the habeas Petition should be dismissed due to Petitioner' failure to exhaust his administrative remedies,[3] or, alternatively, that it should be denied on the merits. *Id.*

For the reasons discussed below, the Court concludes that Petitioner's habeas claims have no merit.[4] Thus, it recommends that the Petition for a Writ of Habeas Corpus be denied, and that the

---

[1] RRCs were formerly known as a "Community Confinement Centers" ("CCCs").

[2] Petitioner has submitted an affidavit from Arthur Beech, the owner of Freight Systems, Inc., a trucking company with about 200 employees. (Docket entry #1 at 34-44, Beech Aff.) According to Mr. Beech, the company has suffered a severe financial downturn since the loss of Petitioner, who was the company's head of maintenance and information technology. *Id.* In his affidavit, Mr. Beech purports to "guarantee" Petitioner's $300,000 restitution obligation (with an up-front payment of $25,000, and weekly payments thereafter of at least $1,000) if Petitioner is allowed to return to work. *Id.*

[3] Presumably, these administrative remedies include Petitioner appealing the BOP's decision to place him in an RRC for 150 to 180 days.

[4] By way of relief, Petitioner seeks to compel Respondent to make an "immediate" assessment of his RRC placement. The record indicates that Respondent *has in fact made this assessment*, the original relief that Petitioner was requesting in his Informal Resolution Attempt and his original habeas Petition. In Petitioner's Reply, he argues that Respondent "made their 'assessment' before

case be dismissed, with prejudice.

## II. Discussion

Before addressing Petitioner's habeas claims, the Court will briefly review the pertinent statutes and regulations governing RRC placement, including relevant Eighth Circuit decisions involving challenges to RRC placement.

In deciding where an inmate is to be imprisoned, the BOP must consider the following statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). Initially, the maximum period of RRC placement was limited to 6 months: "[the BOP] shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served. ..." 18 U.S.C. § 3624(c) (2000) (amended in 2008).

In 2002, the BOP determined that, under these statutes, an inmate was entitled to receive no more than ten percent of his term of imprisonment in an RRC. *See* 28 C.F.R. § 570.21. In *Elwood*

---

[my] Informal Resolution Attempt and before [my] instant Petition was filed." (Docket entry # 8 at 5-6.) At most, this would mean the BOP made its assessment without the benefit of Beech's affidavit. Of course, Petitioner can now request the BOP to a re-evaluate his RRC placement in light of Beech's affidavit. (Docket entry #8 at 6.)

Petitioner also contends that exhaustion of his administrative remedies is futile because, by the time he completes the administrative appeals process, any extended period of RRC placement will have expired. As indicated earlier, Respondent has already addressed the merits of Petitioner's claims, which the Court concludes are without merit. Thus, it is unnecessary for the Court to address Respondent's nonexhaustion defense. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (proceeding to merits of habeas claim under 28 U.S.C. § 2241 despite failure to exhaust administrative remedies because the exhaustion prerequisite under § 2241 was "judicially created, not jurisdictional").

*v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004), the Court held that nothing in § 3624(c) prevented the BOP from exercising its discretion and designating a prisoner to an RRC for more than ten percent of his sentence but, in no case, more than 6 months, pursuant to its authority under § 3621(b).

In February of 2005, the BOP adopted a new regulation which attempted to limit *all transfers* to RRCs to the last ten percent of a prisoner's term, based on its exercise of so-called "categorical" discretion under § 3621(b). *See* 28 C.F.R. §§ 570.20-21. In *Fults v. Sanders*, 442 F.3d 1088, 1089-92 (8th Cir.2006), the Court held that the BOP's February 2005 regulation was "contrary to the statute's unambiguous language," which explicitly required the BOP to exercise its discretion *on an individual basis*.

In April of 2008, Congress enacted the Second Chance Act of 2007, which amended § 3624(c). Pub. L. No. 110-199, 122 Stat. 657 (2008). Among other things, the Act extended the maximum allowable RRC placement from 6 months to 12 months. *See* Second Chance Act § 251, 122 Stat. at 692 (the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.") The BOP later enacted guidelines which specified that placement in an RRC for more than 180 days was "highly unusual" and allowable only under "extraordinary justification."

In *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008), the Court rejected a prisoner's challenge to the BOP following these guidelines. While the Court acknowledged that the Second Chance Act extended the maximum possible time of RRC placement to 12 months, it held that the BOP's guidelines reflected a permissible determination that "ordinarily a placement of more than 180 days

is not appropriate under § 3621(b)," and that "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified." *Mille*r, 527 F.3d at 758.

Petitioner's "Second Chance Act – RRC Needs Assessment Form" reflects that he underwent a RRC assessment on November 4, 2008, and was recommended for 150-180 days of RRC placement. (Docket entry #7, Ex. B to Crook Aff.) This form also indicates that, in making this decision, the BOP considered Petitioner's offense, his prior criminal history, a history of no incident reports in prison, his education, proposed employment, and his proposed residence. *Id.* Petitioner later reviewed and signed this form. *Id.*

Importantly, there is nothing in the applicable statutes or case law that *entitles* a prisoner to RRC placement for a particular period of time, much less for 12 months. Rather, Respondent's duty is to *individually consider* a prisoner for RRC placement pursuant to the statutory factors set forth in § 3621(b). Although Petitioner was only recommended for 150 to 180 days of RRC placement, it appears the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b).

Furthermore, Petitioner has not established that, in considering his request for RRC placement, the BOP failed to consider the relevant statutory factors. While Petitioner alleges that the BOP did not consider all of the facts that he believes met the standard for "extraordinary justification," the BOP is not required to provide a prisoner with a "detailed statutory analysis" in disposing of a request for a RRC transfer. *See Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) ("the statute does not require the BOP to provide prisoners with a detailed statutory analysis whenever a prisoner requests an immediate transfer to an RRC"). Thus, the Court concludes that

Petitioner's habeas claims are without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 5th day of March , 2009.

_____
UNITED STATES MAGISTRATE JUDGE